WATKINS ET AL., APPELLANTS, *v.* MORRIS ET AL., RESPONDENTS.

[Submitted June 10, 1895.  Decided June 17, 1895.]

SALE—*Delivery—Evidence to support findings.*—In an action for damages for a breach of contract for the purchase of oats, where a prompt delivery was required, a finding that the oats were not delivered within a reasonable time is supported by evidence that two car loads were shipped to defendants by a circuitous route and that the other car load, while shipped by a direct route, was consigned to other parties, defendants having no knowledge of its arrival until after they were obliged to buy elsewhere.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for damages for breach of contract.    Judgment was rendered for the defendants below by ARMSTRONG, J.    Affirmed.

*Henry C. Smith* and *F. N. & S. H. McIntire,* for Appellants.

Plaintiffs were entitled to deliver within a reasonable time under the circumstances.    (Newmark on Sales, § 332; 2 Benja-

min on Sales, § 1027; Tiedeman on Sales, § 100; 5 Wait's A. and D., § 24, p. 568.) Tender can be made by bill of lading. (5 Wait's A. and D., §§ 27, 30, 33, p. 572; 2 Schouller Per. Prop., 409, 417, 418, 419; Abbott's Trial Ev. 816; 1 Estee's Pldg. § 1388; Newmark on Sales, § 256; 2 Benjamin on Sales, §§ 897, 1018, 1044, 1047.)

*Walsh & Newman,* for Respondents.

Where goods are ordered by mail or telegraph to be shipped to the seller and the seller accepts the proposition contained in the order, it is his duty to consign the goods to the buyer. If he pursues any other course, his is the fault and his must be the loss. (*Sohn* v. *Jervis,* I. N. E. 73; 101 Ind. 578.) Delivery to the carrier, taking bill of lading in any name other than that of the buyer is not a delivery to the purchaser. (*Willman Mercantile Co.* v. *Fussy,* 39 Pac. 738 (Mont.) *Erwin* v. *Harris,* 87 Ga., 333; 13 S. E. 513.) The plaintiffs must show that the goods were delivered by them to the defendants in such manner that the defendants could lawfully demand them of the railroad company at the designated place of delivery. (*Doyle* v. *Roth Mfg. Co.,* 76 Wis. 48; 44 N. W. 1100.) The goods must be tendered and delivered at the time and place designated. A tender at any other time or place will not suffice. (*Hopke* v. *Schmalholz,* 7 N. Y. S. 67; *Erwin* v. *Harris,* 87 Ga. 333; *Seeligson* v. *Philbrick,* 30 Fed. 600.) The goods must be shipped at the time, from the place, and over the route designated by the parties. A shipment at any other time, or from any other place, or over a route not designated nor contemplated by the parties, is not a compliance with the contract. (*Filley* v. *Pope,* 115 U. S. 213; *Norrington* v. *Wright,* 115 U. S. 188; *Robinson* v. *Brook* 40 Fed. 525.) The goods must be delivered at the time designated in the contract, and if the time is not designated they must be delivered promptly or within a reasonable time, taking into consideration the location of the parties, the means of communication between them, their intention at the time

the contract was entered into, and all the surrounding facts and circumstances. (Newmark on Sales, §§ 231, 232; Corbin Benjamin on Sales, § 1023; *Norrington* v. *Wright*, 115 U. S, 188. See *Donnell* v. *Humphreys*, 1 Mont. 526; *Taylor* v. *Holter*, 1 Mont. 694.) The buyer must have an opportunity to inspect the goods before acceptance, to ascertain whether or not they are of the kind and quality purchased by him. If an opportunity to inspect is not given, there is not a valid offer of delivery. He is not obliged to pay for the goods or accept the draft until he has had an opportunity to inspect them. (Corbin's Benjamin on Sales, § 1042; Newmark on Sales, § 252-260; Tiedeman on Sales, § 114; *Erwin* v. *Harris*, 87 Ga. 333; 13 S. E. 513.) A tender of bills of lading or warehouse receipts when objected to by the purchaser is not a good tender. (*McPherson* v. *Gale*, 40 Ill. 368.)

PER CURIAM.—This action is brought by plaintiffs to recover damages for the refusal of defendants to accept and pay for certain quantities of oats. They allege a contract for the sale and delivery of the oats, and that, by reason of the defendants' failure to receive and pay for the same, they were obliged to sell said oats for the best price they could get. They sue for the difference between the contract price and the price for which they were obliged, as they allege, to sell. The contract for sale was made by telegraph. It is important to note that the whole telegraphic correspondence is couched in language indicating haste and promptness. Such terms are used as "if accepted at once," "immediate acceptance," "at once," "we will make prompt shipment," and "answer quick."

The defense set up by defendants was that the plaintiffs did not deliver or offer to deliver the oats within a reasonable time, and that defendants, by reason of such delay, were obliged to supply themselves with oats from other sources. There were three car loads of oats altogether. Two car loads were sent from a point near Spokane, Washington, to Helena, by way of Huntington and Pocatello, Idaho, and Silver Bow Junction, Montana; the other car load, while sent by the

Northern Pacific, the more direct route, was consigned to persons other than the defendants, and defendants had no knowledge of its arrival until they had been obliged, as they testified, to rescind the order, and buy oats elsewhere.

The court found that the plaintiffs did not deliver, or offer to deliver, the oats to the defendants within a reasonable time. Judgment was rendered for defendants. We have reviewed the testimony, and are of opinion that the evidence was sufficient to sustain the findings and the judgment of the court. The judgment, and the order denying plaintiffs' motion for new trial, are therefore affirmed.

*Affirmed.*

